# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## CHIVOUS S. ROBINSON v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Knox County
No. 100712     Mary Beth Leibowitz, Judge

### No. E2013-00345-CCA-R3-ECN - Filed November 8, 2013

The pro se petitioner, Chivous S. Robinson, appeals as of right from the Knox County Criminal Court's order denying his petition for writ of error coram nobis alleging that newly discovered evidence concerning the judicial misconduct of a trial judge affected the outcome of his 2000 jury trial and 2005 post-conviction proceedings. The State has filed a motion to affirm the trial court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Chivous S. Robinson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In August 2000, a Knox County Criminal Court jury convicted the petitioner of solicitation to commit first degree murder and second degree murder. On October 9, 2000, the trial court sentenced the petitioner to a total effective sentence of 34 years' incarceration. On direct appeal, this court affirmed the petitioner's convictions. *State v. Chivous Sirrel Robinson*, No. E2001-00865-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Feb. 28, 2003), *perm. app. denied* (Tenn. July 7, 2003).

The petitioner then filed a timely petition for post-conviction relief alleging that his convictions resulted from the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. This court affirmed the denial on direct appeal. *Chivous Robinson v. State*, E2005-01036-CCA-R3-PC (Tenn. Crim. App., at Knoxville, May 19, 2006), *perm. app. denied* (Tenn. Oct. 2, 2006).

On November 20, 2012, the petitioner filed a petition for writ of error coram nobis alleging as newly discovered evidence the judicial misconduct and incompetency of the judge who presided over the petitioner's trial and post-conviction proceedings. The coram nobis court found that the petitioner failed to present any evidence that the trial judge was impaired at the time of the petitioner's 2000 trial and denied relief. The trial court also found that the petition was barred by the statute of limitations.

The petitioner filed a timely notice of appeal to this court. On appeal, the petitioner argues that the coram nobis court erred by summarily denying coram nobis relief without affording the petitioner an opportunity to present evidence of the trial judge's incompetency at an evidentiary hearing. The State contends that the coram nobis court's denial of relief should be affirmed via memorandum opinion. *See* Tenn. Ct. Crim. App. R. 20.

A writ of error coram nobis is available to a defendant in a criminal prosecution. Tenn. Code Ann. § 40-26-105. A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). "The purpose of this remedy is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment." *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004) (quoting *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. Tenn. Code Ann. § 40-26-105; *Hart*, 911 S.W.2d at 375.

In the petition for writ of error coram nobis, the petitioner alleged that the trial judge's "persistent judicial misconduct" affected the outcome of his 2000 trial. In the petition, the petitioner acknowledged that the evidence of judicial misconduct revealed by the Tennessee Bureau of Investigation's reports dated from 2006 through March 2011. We agree with the coram nobis court's finding that the petitioner failed to state any claim concerning the trial judge's incompetency affecting the outcome of the petitioner's 2000 trial.

In analyzing a similar coram nobis claim concerning the same judge, this court held that the petitioner's "grievances with [the trial judge] do not relate to matters that were litigated at trial . . . . Such claims are not cognizable in coram nobis proceedings." *Billy Ray*

*Irick v. State*, No. E2012-01326-CCA-R3-PD (Tenn. Crim. App., at Knoxville, Mar. 18, 2013). Likewise, this court affirmed the denial of coram nobis relief where another petitioner made a similar claim against the same trial judge. *Joann G. Rosa v. State*, No. E2013-00356-CCA-R3-ECN (Tenn. Crim. App., at Knoxville, Oct. 21, 2013). In *Joann G. Rosa*, this court concluded that the petitioner

> failed to state a cognizable claim for coram nobis because she has not presented evidence of actual innocence. Evidence of intoxication and illegal activities surrounding the judge's drug abuse would not have been admissible at her trial because it was not relevant and probative of whether she committed the crime of which she was convicted.

*Joann G. Rosa*, slip op. at 5.

To the extent that the petitioner alleges that the same judge's incompetency to preside over the 2005 post-conviction proceedings is a basis for coram nobis relief, this argument also must fail because it in no way casts doubt upon the petitioner's 2000 conviction. *Vasques*, 221 S.W.3d at 526 (holding that "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome"). In consequence, the claim is not justiciable in a coram nobis petition.

Accordingly, we affirm the judgment of the Knox County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____

D. KELLY THOMAS, JR., JUDGE